RECEIVED

OCT 30 2018

AT 8:30____________M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Hon. Anne E. Thompson |
| - v. - | : | |
| | : | Crim. No. 17-343 (AET) |
| KHAMRAJ LALL, | : | |
| | : | **FIRST AMENDED POST-INDICTMENT RESTRAINING ORDER PURSUANT TO 21 U.S.C. § 853(e)(1)(A)** |
| Defendant. | : | |

Upon the application of Craig Carpenito, United States Attorney for the District of New Jersey, pursuant to Title 21, United States Code, Section 853(e)(1)(A), and the Declaration of Special Agent Michael McGarry of the Internal Revenue Service, Criminal Investigation, and all papers submitted in support thereof,

IT IS HEREBY ORDERED that:

KHAMRAJ LALL (the "defendant"), and all his attorneys, agents, family members, and anyone acting on his behalf, and all persons or entities acting for or in concert with or in participation with any of the above, and all persons and entities having actual knowledge of the order, shall not take any action prohibited by this Order;

IT IS HEREBY FURTHER ORDERED that the defendant, KHAMRAJ LALL, his attorneys, agents, family members, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this

order, shall not directly or indirectly, transfer, sell, assign, pledge, distribute, hypothecate, encumber, attach, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, distributed, hypothecated, encumbered, attached, or disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the following properties:

1) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 104 Coventry Way, Ringwood, New Jersey, more particularly described as: Block 752, Lot No. 46, Assessor's Parcel No. 11-00752-0000-00046, being the same property that was described in a Grant Deed recorded on April 12, 2011 as Document No. 17550 in Book 2041, Page 182 in the Passaic County Clerk's Office, Passaic County, New Jersey (the "Ringwood Property") 1;

2) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1551 NE 161st Place, Citra, Florida, more particularly described as: Block No. 12, Lot No. 25, Assessor's Parcel No. 0756-012-007, as recorded in Plat Book C, Page 24, being the same property that was described in a warranty deed recorded on October 16, 2013 as Document No. 2013106570 in Book 5942, Pages 1597-1598 of the public records of Marion County, Florida (the "Citra Property"); and

3) Any and all assets and rights of Exec Jet Club, LLC, and all assets and rights purchased pursuant to an Asset Purchase Agreement entered between Exec Jet Club, LLC and RD Air Services, LLC, dated November 1, 2011, including but not limited to all valuable assets, corporate real and personal property, which includes all interests to any leasehold and rents received by Exec Jet Club, LLC, including interests in and to

---

[1] Defendant has been permitted to remain in possession of the Ringwood Property pending trial. The Government, however, is concerned that he is not properly maintaining the property, including making timely payments of all mortgages, insurance, utilities, taxes, and assessments. The Government could move, pursuant to 18 U.S.C. § 985, to take possession of the residence pending trial, based solely on a showing of probable cause that it is subject to forfeiture. Instead, the Government refrained from taking this action in the interest of the defendant's family who reside in the residence.

certain lease agreements between Exec Jet Club, LLC, and the Alachua County Regional Airport Authority, including two airplane hangars:

a) Hangar #1, an airplane hangar and office space totaling approximately 32,000 sf. with the mailing address of 4050 NE 45th Avenue, Gainesville, Florida, 32609; and

b) Hangar #2, an airplane hangar and office space totaling approximately 21,600 sf. with the mailing address of 4440 NE 41st Terrace, Gainesville, Florida, 32609

(collectively, the "Restrained Assets");

IT IS HEREBY FURTHER ORDERED that all rents received by Exec Jet Club LLC from the leasing of Hangar #1 to Rennia Aviation and Hangar #2 to Exploration Services, LLC shall be delivered and paid to the United States Treasury to be held by same and/or its agent until further order of this Court; and

IT IS HEREBY FURTHER ORDERED that the United States shall use the rents paid to the United States from the leasing of Hangar #1 to Rennia Aviation and Hangar #2 to Exploration Services LLC to: (1) pay any financial obligations relating to Hangar #1 and Hangar #2, (2) make up any and all arrearages accrued on Hangar #1 and Hangar #2, and (3) prevent the dissipation of the value of Hangar #1 and Hangar #2 by making any and all other payments necessary to keep current on the financial obligations relating to both Hangar #1 and Hangar #2; and

IT IS HEREBY FURTHER ORDERED that the defendant, his attorneys, agents, family members, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this order, shall not use or

permit the Restrained Assets to be used for any illegal activity, or take any action that would depreciate, damage, or in any way diminish the value of the Restrained Assets without the prior written consent of the United States Attorney's Office; and

IT IS HEREBY FURTHER ORDERED that the owners of the Restrained Assets are required to maintain the present condition of the properties, including timely payment of all mortgages, insurance, utilities, taxes, and assessments until further order of this Court; and

IT IS HEREBY FURTHER ORDERED that officials of the United States are hereby authorized to enter the Restrained Assets, on one or more occasions during the pendency of this criminal action, for the purpose of conducting an inspection and inventory of the real properties; and to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the properties, limited to ascertaining the condition of the properties, and documenting (including the use of still and video photography) the condition of the interior and exterior of the premises and inspecting for damage; and to be accompanied on any such occasion by any federal, state, and/or local law enforcement officers selected by it to ensure the safety of any person acting under this Order; and

IT IS HEREBY FURTHER ORDERED that this Restraining Order shall be binding upon the defendant, his attorneys, agents, other family members, and anyone acting on his behalf, and all persons or entities acting in

concert or participation with any of the above, and all persons and entities having actual knowledge of this order and all financial and other institutions described herein; and

IT IS HEREBY FURTHER ORDERED that service of a copy of this Order shall be made on the defendant's attorney by mail and electronic mail within two business days following the filing of this Restraining Order.

Dated: October 30th, 2018

SO ORDERED:

Anne E. Thompson
HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE