2014R00026/JMP/jw

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Anne E. Thompson, U.S.D.J. |
| v. | : | Crim. No. 17-343 |
| KHAMRAJ LALL, | : | ***FIRST FINAL ORDER*** |
| | | ***OF FORFEITURE*** |
| Defendant. | : | (EXEC JET CLUB ASSETS) |

WHEREAS, on May 7, 2018, a federal grand jury in the District of New Jersey returned an eight-count superseding indictment (the "Superseding Indictment"), which charged defendant Khamraj Lall (the "defendant") with (1) conspiracy to launder monetary instruments (Count One), in violation of 18 U.S.C. § 1956(h); (2) money laundering (Counts Two and Three), in violation of 18 U.S.C. §§ 1956(B)(i) and (ii); (3) engaging in monetary transactions in property derived from specified unlawful activity (Count Four), in violation of 18 U.S.C. § 1957(a); (4) structuring financial transactions to evade reporting requirements (Count Five), in violation of 31 U.S.C. §§ 5324(a)(1) and (d)(2); (5) structuring financial transactions to evade reporting requirements (Count Six), in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2); (6) conspiracy to structure funds (Count Seven), contrary to 31 U.S.C. §§ 5313(a), 5324(a)(1) and (3), and 5324(d)(2), in violation of 18 U.S.C. § 371; and (7) conspiracy to distribute cocaine (Count Eight), in violation of 21 U.S.C. § 846;

WHEREAS, the Superseding Indictment contained forfeiture allegations as to Counts One through Eight, providing notice that the United States was seeking forfeiture of the following:

1) As to Counts One to Four, all property, real and personal, involved in the offenses in violation of 18 U.S.C. §§ 1956 and 1957, and all property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1);

2) As to Counts Five to Seven, all property, real and personal, involved in structuring contrary to 31 U.S.C. §§ 5313 and 5324, and in violation of 18 U.S.C. § 371, alleged in Counts Five through Seven of the Superseding Indictment, and all property traceable to such property, pursuant to 31 U.S.C. § 5317(c)(1); and

3) As to Count Eight, all property, real and personal, constituting or derived from any proceeds obtained, directly or indirectly, as the result of the offense in violation of 21 U.S.C. § 846 alleged in Counts Eight of the Superseding Indictment, and any property used or intended to be used to commit and to facilitate the commission of the violation charged in Count Eight of the Superseding Indictment, and all property traceable to such property, pursuant to 21 U.S.C. § 853;

WHEREAS, the Superseding Indictment further alleged that the following property is subject to forfeiture to the United States on the grounds set forth above, and as a result of the commission of the offenses charged in Counts One through Eight of the Superseding Indictment:

Any and all assets and rights of Exec Jet Club, LLC, and all assets and rights purchased pursuant to an Asset Purchase Agreement entered between Exec Jet Club, LLC and RD Air Services, LLC, dated November 1, 2011, including but not limited to all valuable assets, corporate real and personal property, which includes all interests to any leasehold and rents received by Exec Jet Club, LLC, including interests in and to certain lease agreements between Exec Jet Club, LLC, and the Alachua County Regional Airport Authority, particularly having an address of 4050 NE 45th Ave. Gainesville, Florida ("Hangar #1") and 4440 Northeast 41st Terrace, Gainesville, Florida ("Hangar #2"), and interests Exec Jet Club, LLC has to all aircraft, hangars, and buildings attached thereto,

and any valuable Exec Jet Club, LLC equipment contained at that location;

WHEREAS, on October 4, 2018, a federal petit jury, sitting in the District of New Jersey, found the defendant guilty of Counts One through Eight of the Superseding Indictment;

WHEREAS, pursuant to Rule 32.2(b), on or about June 10, 2019, the Court entered an Order of Forfeiture (Money Judgment) (Doc. 145) (the "Money Judgment"), which imposed a money judgment upon the defendant in the amount of $9,300,000, and a Preliminary Order of Forfeiture (Final as to the Defendant) (Doc. 146) (the "Preliminary Order"), which forfeited to the United States, *inter alia*, all of the defendant's right, title, and interest in the following, for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1) and 31 U.S.C. § 5317(c)(1)(B):

> Any and all assets and rights of  Exec Jet Club, LLC, and all assets and rights purchased pursuant to an Asset Purchase Agreement entered between Exec Jet Club, LLC and RD Air Services, LLC, dated November 1, 2011, including but not limited to all valuable assets, corporate real and personal property, which includes all interests to any leasehold and rents received by Exec Jet Club, LLC, including interests in and to certain lease agreements between Exec Jet Club, LLC, and the Alachua County Regional Airport Authority, particularly having an address of 4050 NE 45th Ave. Gainesville, Florida ("Hangar #1") and 4440 Northeast 41st Terrace, Gainesville, Florida ("Hangar #2"), and interests Exec Jet Club, LLC has to all aircraft, hangars, and buildings attached thereto, and any valuable Exec Jet Club, LLC equipment contained at that location, including any and all net rents collected by the United States from the leasing of Hangar #1 to Rennia Aviation and Hangar #2 to Exploration Services, LLC

(the "Forfeited Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure require publication and notice to third

parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under Section 853(n) before the United States may have clear title to such property;

WHEREAS, a Notice of Forfeiture was filed with the Court on July 26, 2021, which explained the procedures for asserting a legal right, title, or interest in the Forfeited Specific Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b) (the "Notice");

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1), a Notice of Forfeiture with respect to the Forfeited Specific Property was posted on an official government internet site, www.forfeiture.gov, beginning on July 17, 2021, and running for thirty consecutive days through August 15, 2021, as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Proof of publication was filed on June 8, 2022.  *See* Doc. no. 187, Affirmation of Publication;

WHEREAS, the published notice explained that any person asserting a legal interest in the Forfeited Specific Property was required to file a petition with the Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed, following the expiration of the period for the filing of such petitions, the United States would have clear title to the Forfeited Specific Property, in accordance with Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, on or about August 3, 2021, a copy of the Preliminary Order and the Notice were sent to Exec Jet Club, LLC by Federal Express.  The cover

letter stated that a petition asserting an interest in the Forfeited Specific Property had to be filed no later than 35 days of the date of the cover letter. The letter and enclosures were delivered on or about August 4, 2021;

WHEREAS, on or about August 3, 2021, a copy of the Preliminary Order and the Notice were sent to Exec Jet Club c/o Michael D'Alessio, Jr., Attorney at law, by Federal Express. The cover letter stated that a petition asserting an interest in the Forfeited Specific Property had to be filed no later than 35 days of the date of the cover letter. The letter and enclosures were delivered on or about August 4, 2021;

WHEREAS, on or about August 3, 2021, a copy of the Preliminary Order and the Notice were sent to Exec Jet Club, LLC, c/o Registered Agent Ward Damon Business Services, LLC, by Federal Express. The cover letter stated that a petition asserting an interest in the Forfeited Specific Property had to be filed no later than 35 days of the date of the cover letter. The letter and enclosures were delivered on or about August 4, 2021;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property where no petitions for a hearing to contest the forfeiture have been filed within sixty (60) days after the first day of publication on an official internet government forfeiture site and no timely petitions were filed by persons who were sent direct notice of the forfeiture, in accordance with the procedures prescribed in Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, no petitions were filed or made in this action as to the Forfeited Specific Property, no other parties have appeared to contest the action

as to the Forfeited Specific Property to date, and the statutory time periods in which to do so have expired; and

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States is therefore entitled to have clear title to the Forfeited Specific Property and to warrant good title to any subsequent purchaser or transferee.

NOW, THEREFORE, on the application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Jonathan M. Peck, Assistant United States Attorney, appearing),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     All right, title and interest in the following property is hereby forfeited to the United States of America for disposition according to law:

> Any and all assets and rights of  Exec Jet Club, LLC, and all assets and rights purchased pursuant to an Asset Purchase Agreement entered between Exec Jet Club, LLC and RD Air Services, LLC, dated November 1, 2011, including but not limited to all valuable assets, corporate real and personal property, which includes all interests to any leasehold and rents received by Exec Jet Club, LLC, including interests in and to certain lease agreements between Exec Jet Club, LLC, and the Alachua County Regional Airport Authority, particularly having an address of 4050 NE 45th Ave. Gainesville, Florida ("Hangar #1") and 4440 Northeast 41st Terrace, Gainesville, Florida ("Hangar #2"), and interests Exec Jet Club, LLC has to all aircraft, hangars, and buildings attached thereto, and any valuable Exec Jet Club, LLC equipment contained at that location, including any and all net rents collected by the United States from the leasing of Hangar #1 to Rennia Aviation and Hangar #2 to Exploration Services, LLC

(the "Forfeited Specific Property").

2.     Any forfeited money, and the net proceeds derived from the sale of the Forfeited Specific Property shall be applied to the Money Judgment imposed upon the defendant, in partial satisfaction thereof.

3.     The Preliminary Order of Forfeiture (Doc. 146) shall remain in full force and effect as to the assets not named in this First Final Order of Forfeiture.

4.     The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

SO ORDERED this___8th____day of _____June_____, 2022

_____
HONORABLE FREDA L. WOLFSON
United States Chief District Judge