**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. No. 17-00343 (GC) |
| KHAMRAJ LALL, | **MEMORANDUM OPINION** |
| Defendant. | |

**CASTNER, U.S.D.J.**

This matter comes before the Court upon Defendant Khamraj Lall's Motion for Compassionate Release under 18 U.S.C. § 3582 (the "First Step Act"). (ECF No 191.) The United States of America (the "Government") opposed (ECF No. 194), and Lall replied (ECF No. 195). The Court has carefully considered Defendant's submission and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, and other good cause shown, Lall's Motion is **DENIED** without prejudice.

**I.    FACTUAL BACKGROUND**

    **A.    Charges, Trial, and Sentencing**

The Government charged Lall with the following offenses. First, from around October 28, 2011, to November 20, 2014, Lall knowingly evaded reporting requirements of 31 U.S.C. § 5313(a) by causing JPMorgan Chase, Wells Fargo, N.A., and Citibank, N.A., to fail to file a report required under section 5313(a). (ECF No. 1 at 2.) Second, from around April 6, 2011, to November 24,

2014, Lall knowingly structured and assisted in structuring cash deposit accounts not exceeding $10,000, in violation of 31 U.S.C. § 5324(a)(3). (*Id.*)

On May 7, 2018, a federal grand jury returned an eight-count Superseding Indictment, charging Lall with one count of conspiracy to launder money instruments, in violation of 18 U.S.C. § 1956(h); two counts of money laundering, in violation of 18 U.S.C. §§ 1956(B)(i) and (ii); one count of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957(a); two counts of structuring financial transactions to evade reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(1) and (d)(2); one count of conspiracy to structure funds, in violation of 18 U.S.C. § 371; and one count of conspiracy to dispute cocaine, in violation of 21 U.S.C. § 846. (ECF No. 71.)

At trial in October 2018, a jury found Lall guilty of all eight counts. (ECF No. 123.) For two of the counts, the jury also found that Lall structured financial transactions while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period. (*Id.*) On October 1, 2019, the Court sentenced Lall to a total term of imprisonment of 156 months, or thirteen years. (ECF No. 164.) Lall received a term of 156 months on each of Counts 1 through 3, a term of 120 months on each of Counts 4 through 6, a term of 60 months on Count 7, and a term of 156 months on Count 8 — all of which were to run concurrent to one another. (*Id.*) On March 23, 2021, the United States Court of Appeals for the Third Circuit affirmed the conviction. (ECF No. 185.) Lall is currently serving out his sentence, and his projected release date is May 20, 2028. Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 26, 2023).

**B.     Procedural History**

According to Lall, on August 30, 2022, he submitted to the warden of his facility a written request for compassionate release, but as of the time he filed his Motion, he had not received a response. (ECF No. 191 at 2.[1]) On October 19, 2022, Lall filed in this Court a *pro se* Motion for Reduction of Sentence under the First Step Act, seeking to modify the term of imprisonment or, in the alternative, to set aside and correct his sentencing brought under 18 U.S.C. § 3582(c)(1)(A).[2] (ECF No. 191.)

**II.     LEGAL STANDARD**

The First Step Act was enacted in December 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act made changes to criminal statutes relevant to this case. In particular, the First Step Act enables defendants to file motions for compassionate release on their own behalf. Before the First Step Act, the Bureau of Prisons (BOP) was the "sole arbiter of compassionate release motions." *See United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020). Although BOP still has "the first opportunity to decide a compassionate release motion, and may still bring a motion on a defendant's behalf," a defendant now "has recourse [by filing a motion in federal court] if BOP either declines to support or fails to act on that defendant's motion." *Id.*; 18 U.S.C. § 3582(c)(1)(A).

---

[1]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]     Lall styles his Motion as one also brought under 28 U.S.C. § 2255, yet the Motion includes no analysis under that statute. As a result, the Court decides the Motion under section 3582 only.

3

## III.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

Under the First Step Act, before a court can evaluate the merits of a compassionate release motion, the defendant must first exhaust his or her administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Specifically, the First Step Act provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

[*Id.*]

The burden is on the defendant to demonstrate that he satisfied this procedural prerequisite for judicial review. *United States v. McNair*, 481 F. Supp. 3d 362, 365 (D.N.J. 2020) (quoting *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020)). A defendant's noncompliance with section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Attached to Lall's Motion is a copy of the BP-A0148 form to the Warden, dated August 30, 2022, in which Lall requests compassionate release and that the Warden "assist me by filing a motion with my sentencing judge," reasoning that "[t]he prosecutor that presented the case to the grand jury engaged in prosecutorial misconduct in violation of my rights, and my attorney did nothing to protect me." (ECF No. 191 at 6.) Lall states that as of the date of his Motion, October 19, 2022 — fifty days after the date of Lall's request to the Warden — he had not received a response to his request. (*Id.* at 2.) The Government does not address whether Lall exhausted his

4

administrative remedies, instead skipping ahead to the Court's consideration of "the factors set forth in [18 U.S.C.] § 3553(a)." (ECF No. 194 at 3.) Upon review of the available records and supporting documents before the Court, along with the Government's decision not to contest Lall's compliance with section 3582(c)(1)(A), the Court finds that Lall has satisfied the exhaustion requirement. *See, e.g., United States v. Davidson*, Crim. No. 16-00139-2, 2020 WL 4877255, at *7 (W.D. Pa. Aug. 20, 2020) (finding defendant exhausted administrative remedies by filing compassionate-release request with facility's warden and warden did not respond within thirty days); *United States v. Partida*, Crim. No. 17-0826-0001, 2020 WL 3050705, at *4 (D. Ariz. June 8, 2020) ("30 days have passed since the warden at CI-Taft received Defendant's April 4 request for compassionate release. Defendant therefore has met the exhaustion requirement.").

**B.   Extraordinary and Compelling Reasons**

The Court turns to the merits of Lall's Motion and addresses *first*, whether Lall has demonstrated extraordinary and compelling reasons for release that are consistent with any applicable policy statements; and, if he has, *second*, whether the section 3553(a) factors support a reduction in sentence.

The First Step Act permits a court to reduce a defendant's sentence or order compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). If the defendant asserts an extraordinary and compelling reason, then, "before granting compassionate release, a district court must 'consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).[3]

---

[3]   Section 3582(c)(1)(A) provides:

(c)   Modification of an imposed term of imprisonment. The court may

5

In *United States v. Andrews*, the United States Court of Appeals for the Third Circuit reviewed a district court's denial of a compassionate-release motion. 12 F.4th 255, 257 (3d Cir. 2021). The Third Circuit considered whether, when determining if extraordinary and compelling reasons are present, district courts are bound by a version of the United States' Sentencing Commission's guidelines issued before the First Step Act. *Id.* at 259-60. The Third Circuit determined that district courts are not "bound" by the definition for "extraordinary and compelling reasons" in the Sentencing Commission's U.S. Sentencing Guidelines ("U.S.S.G.") Manual § 1B1.13 (the "Policy Statement"). *Id.* at 258-59. The Sentencing Commission issued the Policy Statement in response to Congress's directive to "describe what should be considered

---

not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[18 U.S.C. § 3582(c)(1)(A).]

extraordinary and compelling reasons for sentence reduction," 28 U.S.C. § 994(t), but it has not issued one since the enactment of the First Step Act, *Andrews*, 12 F.4th at 259 n.4. The Policy Statement contains an "Application Note," which enumerates "extraordinary and compelling reasons," including a defendant's medical conditions, age, family circumstances, and "other reasons" as determined by the director of BOP. U.S.S.G. § 1B1.13, Application Note 1(A)-(C). The Application Note also states that BOP can determine "extraordinary and compelling reason[s] other than, or in combination with," these enumerated reasons. *Id.*, Application Note 1(D).

"[A]lthough the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons." *Andrews*, 12 F.4th at 260. Thus, district courts may look to the Policy Statement as a useful guide when considering compassionate release motions. *See id.* ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

Lall argues that "[p]rosecutorial misconduct before the Grand Jury deprived him of basic fundamental rights and rendered the criminal proceedings fundamentally unfair." (ECF No. 191 at 3.) Specifically, Lall contends that (i) the two-year delay between the indictment and criminal complaint in New Jersey deprived him of due process rights and rendered all further proceedings in New Jersey unfair; and (ii) the Government made material misrepresentations to and withheld critical information from the grand jury, and such information would have dissuaded the grand jury from returning an indictment. (*Id.* at 2-3.) As a result, Lall asserts, his "continued confinement amounts to Cruel and Unusual Punishment, which constitutes an 'extraordinary and compelling reason' to reduce his sentence." (*Id.* at 3.) Alternatively, Lall asks that his conviction and sentence be vacated based on his counsel's failure to challenge the prosecutorial misconduct. (*Id.* at 4.)

In opposition, the Government contests that Lall's claims of prosecutorial misconduct and ineffective assistance of counsel are proper bases for compassionate release, arguing that Lall is misusing this Motion as "an improper way to attack the validity of an underlying conviction." (ECF No. 194 at 1-2 (citations omitted).) The Government asserts that Lall's Motion does not concern any of the ways that the Policy Statement provides for a defendant to establish compelling reasons for relief, namely "physical conditions, medical conditions, mental health conditions, or family circumstances that would satisfy the criteria set forth under 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13." (ECF No. 194 at 4.)

To be sure, the Court is not bound by the Policy Statement when determining what constitutes "extraordinary and compelling reasons." *See Andrews*, 12 F.4th at 260-61. In defining "extraordinary" and "compelling," district courts have referred to the words' ordinary meaning. *See, e.g., United States v. Andrews*, 480 F. Supp. 3d 669, 682 (E.D. Pa. 2020), *aff'd*, 12 F.4th 255 (3d Cir. 2021) ("In the absence of guidance, the Court gives these terms their ordinary meanings." (citing *United States v. Castano-Vasquez*, 266 F.3d 228, 233 (3d Cir. 2001))). "The ordinary meaning of extraordinary is '[b]eyond what is usual, customary, regular, or common.'" *Id.* at 682-83 (quoting *Extraordinary*, Black's Law Dictionary (10th ed. 2014)) (alteration in original). "And the ordinary meaning of compelling need is '[a] need so great that irreparable harm or injustice would result if it is not met.'" *Id.* at 683 (quoting *Compelling Need*, Black's Law Dictionary (10th ed. 2014)) (alteration in original).

Minding these principles, the Court notes that Lall does not seek compassionate release for having a terminal illness, being sixty-five years of age or older, or having specific family circumstances, as elucidated in the Policy Statement. Rather, Lall claims that prosecutorial misconduct before the grand jury, denial of his right to due process and double jeopardy protection, and his

8

counsel's failure to raise these issues justify his compassionate release. If anything, Lall's claims might fall under the catch-all "other reasons" category noted in the Policy Statement.

Still, the Court agrees with the Government's contention that Lall's arguments "are more properly addressed through a motion filed pursuant to 28 U.S.C. § 2255." (ECF No. 194 at 4.) Indeed, Lall's Motion focuses only on the legality of his conviction. And in fact, Lall initiated a separate case where he has a motion for relief under section 2255 pending before this Court. *See Lall v. United States*, Civ. No. 22-06036 (D.N.J.). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)); *United States v. Dorsett*, Crim. No. 22-2170, 2022 WL 5422352, at *2 n.3 (3d Cir. Oct. 7, 2022) ("[A] motion under § 3582 is an improper vehicle to" challenge "that the Government could no longer meet its burden of proof on his § 924(c) charge," as "such a challenge . . . can be raised only in a § 2255 motion" (citing *Okereke*, 307 F.3d at 120; *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021))); *see also Drabovskiy v. Warden of FCI Allenwood*, 595 Fed. App'x. 96, 98 (3d Cir. 2014) (holding that prisoner's "claims of procedural inadequacies with his indictment, prosecutorial misconduct, and ineffective assistance of counsel . . . must be brought as a § 2255 motion" where such claims "challeng[e] the legality of his federal conviction and sentence"); *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) ("A § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel." (citing *United States v. Sandini*, 888 F.2d 300, 311-12 (3d Cir. 1989), *cert. denied sub nom.*, *Thomson v. United States*, 494 U.S. 1089 (1990))).

Considering these holdings, the Court concludes that Lall's claims of prosecutorial

misconduct, denial of due process and double jeopardy protections, and ineffective assistance of counsel are improper grounds for a motion under section 3582. Because Lall has not demonstrated extraordinary and compelling reasons for release or engaged with section 3553(a), the Court will not address whether the factors otherwise justify his release.

## IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, Lall's Motion for Compassionate Release under the First Step Act (ECF No. 191) is **DENIED** without prejudice. An appropriate Order follows.

Dated: August 3, 2023

                                                                       _____
                                                                       **GEORGETTE CASTNER**
                                                                       **UNITED STATES DISTRICT JUDGE**